UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DWAYNE HARRIS, | ) | CASE NO. 1:10 CV 1313 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | |
| KEITH SMITH, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

*Pro se* plaintiff Dwayne Harris filed the above-captioned action under 42 U.S.C. §1983 against Mansfield Correctional Institution ("MANCI") Warden Keith Smith, Ohio Department of Rehabilitation and Correction ("ODRC") Director Ernie Moore, Ohio Adult Parole Authority ("OAPA") Deputy Director Harry E. Hageman, and OAPA Chief Cynthia Mausser. In the complaint, Plaintiff alleges Ohio prisons, including MANCI, are overcrowded and unsanitary due to lengthy sentences being served by inmates convicted prior to the enactment of Ohio Senate Bill 2 ("S.B. 2"). He seeks monetary damages.

## Background

Mr. Harris alleges that the Ohio prisons, including MANCI, are overcrowded leading to unsanitary conditions. He claims that inmates at MANCI are forced to sleep on mattresses that are in "bad condition." (Compl. at 5.) He contends showers are shared by approximately 120 inmates and leak sewage through the shower vents. He alleges the shower walls are covered with black mold. He indicates the water temperature in the showers fluctuates between scalding and extremely cold. Mr. Harris complains that on holidays and weekends, inmates are served brunch,

instead of breakfast and lunch, thereby eliminating a meal. He claims there is a heightened level of tension in the prison, resulting in an increase in gang related and staff member assaults on inmates. Mr. Harris asserts that the overcrowding is the result of OAPA decisions to deny parole to inmates serving indefinite sentences. He indicates that there is a great disparity between the amount of time served by inmates sentenced prior to the enactment of S.B. 2, and the amount of time served by those receiving definite sentences for the same crimes under S.B. 2. He claims the Defendants violated his Eighth Amendment rights.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Harris cannot challenge his sentence or the length of his confinement in a civil rights action. A prisoner may not raise claims in a § 1983 action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). To the extent that Mr. Harris is attempting to litigate the

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

length of his incarceration as a result of his pre-Senate Bill 2 sentence, he cannot do so in a §1983 action. That claim, if found to have merit, would call into question the validity of the length of his sentence. As such, he must also allege his sentence was declared invalid by either an Ohio state court or a federal habeas corpus decision. The Court notes that Mr. Harris has filed several petitions for a writ of habeas corpus in this court.[2] All of them were denied. There is no suggestion that his sentence was declared invalid by an Ohio court. Any claim pertaining to the length of Mr. Harris's indefinite sentence or the period of his confinement must be dismissed.

Mr. Harris's remaining claims concern the conditions of his confinement. He asserts these claims against MANCI Warden Keith Smith, ODRC Director Ernie Moore, and two supervisors in the OAPA. There are no allegations against any of these defendants in the Complaint. Mr. Harris cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). While the claims could plausibly be construed against the MANCI warden, there are no facts in the pleading which reasonably associate ODRC Director Ernie Moore, OAPA Deputy Director Harry Hageman, or OAPA Chief Cynthia Mausser to any of the claims set forth by the Plaintiff.

## Conclusion

Accordingly, Plaintiff's claims pertaining to the length of his sentence or his incarceration are dismissed pursuant to 28 U.S.C. § 1915(e). In addition, Plaintiff's Eighth Amendment claims against ODRC Director Ernie Moore, OAPA Deputy Director Harry Hageman, and OAPA Chief Cynthia Mausser are dismissed. The court certifies, pursuant to 28 U.S.C.

---

[2] *See Harris v. Smith*, No. 1:09 CV 2157 (N.D. Ohio filed Sept. 17. 2009)(Oliver, J.); *Harris v. Hudson*, No. 1:08 CV 1843 (N.D. Ohio filed July 31, 2008)(Oliver, J.); *Harris v. Wilson*, No. 1:06 CV 2342 (N.D. Ohio filed Sept. 27, 2006)(Oliver, J.); *Harris v. Haviland*, No. 1:02 CV 1007 (N.D. Ohio filed May 29, 2002)(O'Malley, J.); *Harris v. Tate*, No. 1:93 CV 330 (N.D. Ohio filed Feb. 16, 1993)(White, J.).

§1915(a)(3), that an appeal from this decision could not be taken in good faith.[3] This case will proceed solely on Plaintiff's Eighth Amendment claim against MANCI Warden Keith Smith concerning the conditions of confinement . Mr. Harris is cautioned that this Court will not entertain any claims pertaining to Ohio Senate Bill 2, denial of parole, length of incarceration, or the alleged disparity between indefinite sentences and definite sentences in Ohio. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon this defendant.

       IT IS SO ORDERED.

                                      */s/Dan Aaron Polster 8/10/10*
                                      DAN AARON POLSTER
                                      UNITED STATES DISTRICT JUDGE

---

[3]     28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.