UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE HARRIS, | ) | Case No. 1:10CV1313 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | MAG. JUDGE McHARGH |
| KEITH SMITH, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM |
| | ) | AND OPINION |
| | ) | |

McHARGH, Mag.J.

The plaintiff Dwayne Harris filed an action under 42 U.S.C. § 1983 concerning alleged violations of the Eighth Amendment pertaining to his conditions of confinement.

The court held a Case Management Conference on Nov. 8, 2010. (Doc. 16.) At that time, the court set a discovery cut-off date of May 6, 2011. In addition, the court directed that:

> Discovery disputes: Counsel shall comply with Local Rule 7 before filing discovery motions under Fed. R. Civ. P. 37. The order for resolving discovery disputes under this rule is (1) good faith resolution efforts by counsel, (2) telephone conference call with the Court, triggered by a short letter to the Court from counsel, (3) position letters (not to exceed 2 pages) to the Court, and (4) Fed. R. Civ. P. 37 discovery motion.

(Doc. 16, § 5.)

Currently before the court are Harris' Motion for Leave to Conduct Discovery (doc. 20), and his Motion Requesting the Court to Overrule Defendant's Objections to discovery (doc. 21). The motion for leave requests permission to propound interrogatories, requests for admission, and requests for production of documents.

The motion to conduct discovery (doc. 20) is DENIED as moot. Harris does not need leave of court to conduct the requested discovery in a civil suit.

The court notes that an incarcerated pro se plaintiff does have certain limitations in discovery. See, e.g., In re Wilkinson, 137 F.3d 911, 914 (6th Cir. 1998), cert. denied, 525 U.S. 1106 (1999) (no constitutional right to be present in person at deposition); Stanley v. Ohio Dept. of Rehabilitation, No. C2-02-178, 2002 WL 31844686, at *2 (S.D. Ohio Dec. 12, 2002) (pro se inmate not entitled to initial disclosures). However, the service of interrogatories, for example, may be "the most practical means of discovery" for an inmate. Stanley, 2002 WL 31844686, at *3. Harris does not need leave of court to propound interrogatories.

The motion to compel (doc. 21) is also DENIED, as not in compliance with the case management plan (doc. 16), as well as Local Rule 37.1. A pro se litigant is expected to follow the rules of court. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991). The proper procedure to address discovery disputes is set out above.

The motion to conduct discovery (doc. 20) is DENIED as moot, and the motion to compel (doc. 21) is DENIED.

IT IS SO ORDERED.

Dated:   Mar. 21, 2011                                 /s/ Kenneth S. McHargh
                                                                                Kenneth S. McHargh
                                                                                United States Magistrate Judge