UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE HARRIS, | ) | Case No. 1:10CV1313 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| KEITH SMITH, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | Magistrate Judge McHargh |
| | ) | |

McHARGH, MAG. J.

The original plaintiff in this action, Wayne Harris, filed a complaint against the original defendants Mansfield Correctional Institution ("MANCI"), Warden Keith Smith, Ohio Department of Rehabilitation and Correction ("ODRC"), Director Ernie Moore, Ohio Adult Parole Authority ("OAPA"), Deputy Director Harry E. Hageman, and OAPA Chief Cynthia Mausser. Mr. Harris alleged that Ohio prisons, including MANCI, were overcrowded and unsanitary due to lengthy sentences being served by inmates convicted prior to the enactment of Ohio Senate Bill 2.

However, on August 10, 2010, District Court Judge Aaron Polster dismissed Plaintiff's claims against ODRC Director Ernie Moore, OAPA Deputy Director Harry Hageman, and OAPA Chief Cynthia Mausser finding that no facts in the pleading reasonably associated these parties with any of the claims set forth by Plaintiff. The Court then left the case to proceed "solely on Plaintiff's Eighth Amendment claim

against MANCI Warden Keith Smith concerning the conditions of confinement." (Doc. 5).

Defendant Smith filed an answer six months prior to filing his motion to dismiss on April 8, 2011. (Doc. 12, 30). Defendant's motion was granted on June 10, 2011, and all of Plaintiff's claims were thereby dismissed. (Doc. 45).

On June 17, 2011, Harris filed a Motion for Reconsideration of the Court's ruling on Defendant's Motion to Dismiss. (Doc. 46). Smith filed a memorandum in opposition and Plaintiff filed his Reply soon thereafter. (Doc. 47, 50). Warden Smith then filed his Surreply on June 30, 2011. (Doc. 51).

## I. MOTION FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not explicitly provide for a "motion for reconsideration." In the Sixth Circuit, such a motion, if served within ten days of the entry of judgment, is considered a motion to alter or amend judgment, pursuant to Fed.R.Civ.P. 59(e). *Stubblefield v. Skelton*, 117 F.3d 1421, 1997 WL 397240, at *2 (6th Cir. 1997) (Table, text in WESTLAW) (citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d. 119, 122 (6th Cir. 1982)). Harris filed his motion to reconsider within ten days of the District Court's order granting Defendant's motion to dismiss. Accordingly, Harris' motion is properly considered a Rule 59(e) motion to alter or amend.

However, motions for reconsideration do not allow a losing party to renew arguments already considered and rejected by the court or "to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial

2

consideration of the issue." *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F.Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August, 1993 Regular Grand Jury,* 854 F.Supp. 1403, 1408 (S.D. Ind.1994)). Generally, only three situations justify a district court's altering or amending of its own judgment, namely: "(1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.,* 990 F.Supp. 955, 965 (N.D. Ohio 1998)). None of these situations is present in the instant case.

## II. ANALYSIS

Plaintiff raises multiple arguments in support of his request for reconsideration. Harris argues that: (1) failure to exhaust administrative remedies is an affirmative defense that was required to first be raised in Defendant's answer; (2) District Judge Aaron Polster screened the Complaint and ruled that the case should proceed forward; and (3) Ohio's inmate grievance procedures are inadequate.

### 1. Failure to Exhaust as an Affirmative Defense

Plaintiff argues that the Court overlooked Warden Smith's failure to plead the affirmative defense of failure to exhaust administrative remedies in its answer. Harris asserts that this constitutes as a clear error of law. However, Smith's failure to plead an affirmative defense does not necessarily result in the waiver of the defense. *Smith v. Sushka,* 117 F.3d 965, 969 (6th Cir. 1997). A court should consider the unique facts and circumstances of a case to determine if it would be appropriate to consider an

3

improperly plead affirmative defense. *Old Line Life Ins. Co. of America v. Garcia*, 418 F.3d 546, 550 (6th Cir. 2005). "The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993) (citing *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 350, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)). If, through means other than the pleadings, a plaintiff receives notice of the affirmative defense, then he is not prejudiced by the defendant's failure to comply with Rule 8(c). *Coffey,* supra (quoting *Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir. 1989)). In the instant case, Defendant's dispositive motion put Harris on notice of the failure to exhaust defense. Harris was given the opportunity to respond to this defense and did so in his Response to Defendant's Motion to Dismiss. (Doc. 34). Moreover, Harris filed an Amended Opposition to Defendant's Motion as well. (Doc. 36). Therefore, Harris was not prejudiced by Smith's failure to plead exhaustion as an affirmative defense in his answer.

### 2. Judge Polster's Screening of the Complaint

Plaintiff further contends that Judge Polster screened the Complaint and determined that the case should move forward. Thus, Plaintiff concludes, it was error for the Court to subsequently dismiss his Complaint. However, this is simply a rehashed argument previously raised by Plaintiff and ruled upon by the Court. See (Doc 34, 44). It is not the function of a motion to reconsider to renew arguments already considered by a court. *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,*

930 F. Supp. 1182, 1185 (N.D. Ohio 1996) (citing *In re August, 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1408 (S.D. Ind. 1994)). Accordingly, the Court will not reconsider Plaintiff's argument regarding Judge Polster's screening of the Complaint.

### 3. Adequacy of Ohio's Grievance Procedure

Harris argues that Ohio's inmate grievance procedures are inadequate because Ohio Administrative Code 5120-9-31(B) provides that complaints relating to legislative action or judicial proceedings are not grievable. However, Section B is not applicable to the instant case. Pursuant to the order of Judge Polster, the Court was only to consider Plaintiff's Eighth Amendment claims against Warden Smith pertaining to the conditions of his confinement. Thus, the issue at hand concerned neither a judicial proceeding nor a legislative action, but the prison conditions at MANCI. As correctly stated in this Court's prior decision, Section M of Ohio Administrative Code 5120-9-31 was the section relevant to the Court's review and subsequent decision. Thus, Plaintiff's final argument is also unavailing.

## III. Conclusion

For the foregoing reasons, the undersigned DENIES Plaintiff's motion for reconsideration.

IT IS SO ORDERED.

   /s/ Kenneth S. McHargh

Kenneth S. McHargh

United States Magistrate Judge

Date: July 14, 2011.